Barron v. Texas Dep't Transp. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-025-CV

     LINDA W. BARRON,
                                                                                              Appellant
     v.

     TEXAS DEPARTMENT OF TRANSPORTATION,
     FORMERLY KNOWN AS STATE DEPARTMENT
     OF HIGHWAYS AND PUBLIC TRANSPORTATION,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 90-10-00615-CV
                                                                                                    

O P I N I O N
                                                                                                    

      Linda Barron appeals the granting of a motion for summary judgment in favor of the Texas
Department of Transportation. We affirm.
      On August 4, 1990, Linda Barron was driving her 1989 Cadillac, following a pickup truck
onto the Chambers Creek Bridge on Interstate 45 in Navarro County. The pickup truck veered
to the left, revealing a stalled vehicle in the right lane. Barron swerved to miss the stalled vehicle,
causing her vehicle to strike the guardrail along the bridge and fall into the creek below.
      Barron sued the State Department of Highways and Public Transportation, alleging that the
Department's negligence in failing to warn the public of a hazardous condition, particularly the
unsafe design and construction of the highway and bridge; in failing to properly design and build
the bridge, as well as the highway approaching the bridge, in a safe manner; and in failing to
maintain the bridge and supports in a safe and proper condition were a proximate cause of her
injuries, including pain and suffering, past and future medical expenses, lost wages and earning
capacity, and property damage.
      The Department answered and after a substantial period of discovery filed a motion for
summary judgment. The Department's motion raised four separate grounds for summary
judgment: (1) that the suit was barred by governmental immunity; (2) that the Department
breached no duty owed to Barron for a claim arising from a premise defect; (3) that the failure of
the Department to provide a guardrail that would stop Barron's car was not a proximate cause of
the accident; and (4) that the Department's maintenance of the guardrail was not a proximate cause
of Barron's car going through the rail. After a hearing on the motion, the trial court granted the
Department's motion without specifying the grounds relied on for its ruling.
      In a single point of error, Barron complains that the trial court erred in granting the
Department's motion for summary judgment. A defendant who moves for summary judgment on
the plaintiff's cause of action has the burden of showing as a matter of law that no material issue
of fact exists for one or more elements of the plaintiff's cause of action.


 The question on appeal,
as well as in the trial court, is not whether the summary judgment proof raises fact issues with
reference to the essential elements of a plaintiff's claim or cause of action, but is whether the
summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to
one or more of the essential elements of the plaintiff's cause of action.


 When a movant for
summary judgment relies on an affirmative defense, however, the movant must expressly present
and conclusively prove all essential elements of that defense as a matter of law.



      In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true, every reasonable inference must be
indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor.


 
Issues not expressly presented to the trial court, however, may not be considered by the appellate
court as grounds for reversal of a summary judgment.


 Finally, when a summary judgment order
does not state the specific grounds upon which it is granted, a party appealing from the judgment
must show that each of the independent arguments alleged in the motion for summary judgment
was insufficient to support the order.



Governmental Immunity
      In the first ground supporting its motion for summary judgment, the Department argued that
Barron's suit was barred by the doctrine of governmental immunity. The Department contends
that, because the bridge and guardrails were designed and constructed before January 1, 1970,
Barron's allegations of negligent design and construction are excluded from the Texas Tort Claims
Act's waiver of governmental immunity. According to section 101.061 of the Texas Civil Practice
and Remedies Code, the Tort Claims Act does not apply to a claim based on an act or omission
that occurred before January 1, 1970.


 The Department's motion was supported by the
uncontroverted deposition testimony of the Department's supervising resident engineer that the
bridge was built in the late 1920's and upgraded around 1950. Because the uncontroverted
summary judgment proof establishes as a matter of law that there is no genuine issue of material
fact sufficient to defeat the Department's assertion of governmental immunity, we hold that the
trial court did not err in granting summary judgment against Barron with regard to her allegations
of negligent design and construction.



      Barron also alleged that the Department was negligent in failing to maintain the bridge and
supports in a safe and proper condition. However, "maintenance" means that which is required
to preserve the highway as it was originally designed and constructed.


 Barron, who was forty-three years of age at the time of the accident, testified by deposition that the bridge had been there
all of her life and had "been just exactly like it is now" as far as she could remember. Barron has
failed to point to any summary judgment evidence that the Department performed any maintenance
after January 1, 1970, which contributed to the collision.


 Furthermore, the Department may not
be held liable for the failure to upgrade the guardrails or provide a more modern design.


 The
decision not to replace the original bridge and guardrails was a discretionary function excluded
from the Tort Claims Act's waiver of governmental immunity.


 Accordingly, we hold that the
trial court properly granted summary judgment against Barron with regard to her allegations of
negligent maintenance of the bridge and guardrails.
Premise Defect
      In response to the Department's motion for summary judgment, Barron argued that the bridge
constituted a "special defect." Although the Tort Claims Act does not define a special defect, it
provides two examples: excavations or obstructions on highways.


 Whether a condition is a
premise defect or a special defect is a question of law.


 Conditions on or near a road can be
special defects such as excavations or obstructions only if they pose a threat to the ordinary users
of a particular roadway.


 Barron has failed to point to any condition on the bridge that constituted
a special defect which was "like an excavation or obstruction on the highway."


 Because any
defect that might have existed cannot, as a matter of law, be considered "special," we will consider
the State's duty of care with respect to premise defects.
      According to section 101.022(a), "If a claim arises from a premise defect, the governmental
unit owes to the claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays for the use of the premises."


 Therefore, the duty owed by the
Department to Barron was not to injure her by willful or wanton conduct or by gross negligence.


 
However, if the owner or occupier has actual knowledge of a dangerous condition and the licensee
does not, the owner or occupier owes a duty to correct the defect and make the condition
reasonably safe or to warn the licensee of the condition.


 Barron did not plead that the
Department engaged in any willful or wanton conduct or gross negligence. She contends only that
the Department was negligent in failing to warn her of the dangerous condition. The Department
responds that there was no dangerous condition for which it had the duty to warn, arguing that the
highway did not cause the accident.


 Accordingly, we now turn to the proximate cause grounds
raised by the Department's motion for summary judgment.
Proximate Cause
      The Department's third ground for summary judgment was that the failure to provide a
guardrail which would stop Barron's car was not a proximate cause of the collision. Similarly,
in ground four, the Department argued that its failure to maintain the guardrail was not a
proximate cause of Barron's car going through the rail.
      Barron testified by deposition that there was nothing about the road or anything connected
with the highway that caused the accident to happen. She also acknowledged that there were "no
bumps, no ridges, no nothing" on the roadway that might have contributed to the accident. 
Furthermore, Barron's expert witness testified that, in his opinion as an engineer, Barron lost
control of her vehicle before it hit the guardrail and that the roadway did not contribute to the
accident.
      Accidents in which drivers lose control of their vehicles and leave the roadway are not
uncommon. And in a sense such accidents are foreseeable. However, when not brought about
by some defects in the highway, they are not incident to ordinary travel and do not happen as a
result of the ordinary use of the highways.


 Therefore, as a matter of law, the Department's
failure to provide a guardrail that would have prevented her vehicle from falling off the bridge
cannot constitute negligence proximately causing the accident in question.


 Moreover, Barron
testified that, had there been a warning sign on the highway before the bridge, she would have
done nothing differently. Because the bridge did not cause Barron's accident, and because the
Department's failure to warn was not a proximate cause of her injuries, we conclude that the trial
court properly granted summary judgment against Barron on her premise liability claim.
      We overrule Barron's single point of error and affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 20,1994
Publish